IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS WAYNE MCCRAY,<br><br>        Plaintiff,<br><br>  vs.<br><br>MTA HALL; MTA JAMIE; MTA CHEATAM; MTA SULLIVAN; MTA LAURINIS; MTA STOFFELL; MTA ERIKE,<br><br>        Defendants.             / | No. C 10-2462 WHA (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 challenging the conditions of his confinement. He is granted leave to proceed in forma pauperis in a separate order.

## ANALYSIS

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

1  claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the
2  statement need only" give the "defendant fair notice of what the . . . . claim is and the grounds
3  upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).
4  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a
5  plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than
6  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
7  do. . . . Factual allegations must be enough to raise a right to relief above the speculative
8  level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A
9  complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.*
10 at 1986-87.

**B.      EXHAUSTION**

Section 1997e of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Compliance with the exhaustion requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001). The administrative remedies need not meet federal standards, nor need they be "plain, speedy and effective." *Porter*, 534 U.S. at 524.

Although nonexhaustion under Section 1997e(a) is an affirmative defense, a prisoner's concession to nonexhaustion is a valid ground for dismissal. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003). Accordingly, a claim may be dismissed without prejudice if it is clear from the record that the prisoner concedes that he did not exhaust administrative remedies. *Ibid.*

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC

602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *Id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). *Id.* at 1237-38.

Plaintiff states in his complaint that he only filed an administrative appeal regarding his claims at the lowest (informal) level, and that he did not appeal his claims to the highest level of appeal available to him (Pet. 1-2). Petitioner states that he is in a "life threatening situation" because his is being "set up" as a "serial rapist" by the "Italian Mafia" (*id.* 2-3). Petitioner does not explain, nor is it apparent, why he cannot pursue his administrative appeals in order to seek to remedy his situation. By raising his claims to the higher levels of administrative review available to him he will bring his predicament to the attention of prison officials, including those of greater authority, which may well remedy his predicament more rapidly than a federal lawsuit. In any event, petitioner has not presented grounds for excusing the exhaustion requirement, and he has clearly pleaded that he has not exhausted his available administrative remedies. Consequently, his complaint must be dismissed.

## CONCLUSION

This case is **DISMISSED** without prejudice to filing a new case after plaintiff has exhausted his available administrative remedies.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: June   25  , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.10\MCCRAY2462.DSM-EXH.wpd

3